```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         BECKLEY
```

**CLIFFORD McCRAY,**

    **Petitioner,**

**v.**                                **Case No. 5:07-cv-00539**

**T. R. CRAIG, Warden,**
**FCI Beckley,**

    **Respondent.**

## PROPOSED FINDING AND RECOMMENDATION

On August 31, 2007, Petitioner filed a Petition for Habeas Corpus (docket # 1), asking the court to "enjoin Respon[den]t from unlawfully or illegally depriving him of eligibility to participate in the 500 hour comprehensive drug abuse treatment program ("RDAP"), and to receive ben[e]fits pursuant to Title 18, U.S.C.A., Section 3621(e), as an incentive for completion of this rehabilitative program; And/or to secure his settled expectation for early reli[e]f under the statute." (Pet., at 1.) This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY AND PETITIONER'S RELEVANT CLAIMS

Petitioner is serving a 36 month period of imprisonment

imposed by the U.S. District Court for the District of South Carolina, to be followed by an eight year term of supervised release, as a result of his guilty plea to engaging in a conspiracy to distribute 500 grams or more of cocaine. United States v. McCray, No. 2:05-1331 (D.S.C. Aug. 11, 2006) (Judgment in a Criminal Case, docket # 318).

Thanks to electronic filing, the undersigned has been able to review Petitioner's South Carolina criminal case docket sheet, plea agreement, and judgment order. The plea agreement reflects that Petitioner had one prior felony drug conviction, which would subject him to a minimum term of imprisonment of ten years. The plea agreement has no mention of the 500 Hour Residential Drug Abuse Program. Id., docket # 233.

The Judgment in a Criminal Case, id., # 318, contains the following provision: "The court makes the following recommendations to the Bureau of Prisons: The defendant shall be screened for enrollment in the 500 hour intensive drug treatment program; ***."

The Petition (which was obviously prepared with the assistance of inmate Michael Kokoski, a frequent litigator in this court), alleges that Petitioner is subject to "illegal execution of sentence." (Pet., # 1, at 2.)

> Petitioner plead guilty, in part, based upon his reasonable belief that he would be permitted to participate in the RDAP, and receive an individualized determination, by the BOP, of up to one year sentence reduction. As an incentive for completing RDAP under Title 18, U.S.C.A., Section 3621(e)(2)(B). Whereof, this

>   was a significant motivational factor in his deci[s]ion to forego trial, when pleading guilty, in his Case of conviction. * * * Petitioner had more than 28 months remaining on his federal sentence, upon his ar[r]ival at FCI BECKLEY, until his Projected Release Date ("PRD") of September 9th, 2009; . . . .

Id., at 3. He complains that the Bureau of Prisons abused its discretion when it denied Petitioner placement in the RDAP. Attached to the Petition is a copy of a Notice to Inmate which informs Petitioner of the reason that he was not admitted to RDAP:

>   In your eligibility interview you reported alcohol dependence and opioid abuse, however there is no documentation to support your self-report within the year prior to your incarceration. Under Substance Abuse in your PSI [presentence investigation report] it states, "he asserted that he has been clean for the past three years." Without documentation you are unqualified to participate in the Residential Drug Abuse Treatment program.

Id., Ex. No. 1. Petitioner now claims that his PSI is wrong with respect to his drug use prior to sentencing. Id., at 4.

The undersigned notes that the sentencing court merely recommended that the Bureau of Prisons screen Petitioner for enrollment in RDAP; Exhibit 1 to the Petition establishes that the screening was done, but Petitioner is not satisfied with the result.

With respect to the exhaustion of administrative remedies, Petitioner alleges that it would be futile due to the proximity of his release date. Id., at 5.

## ANALYSIS

Petitioner admits that he has failed to exhaust his

3

administrative remedies, as required by 28 C.F.R. § 542.10 *et seq.* ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to *any* aspect of his/her own confinement.") [Emphasis supplied.] See, United States v. Wilson, 503 U.S. 329, 335-36 (1992).

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust his administrative remedies. Accordingly, it is respectfully **RECOMMENDED** that this action be dismissed without prejudice.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder

v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

September 7, 2007
Date

Mary E. Stanley
United States Magistrate Judge