# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

CLIFFORD MCCRAY,

           Petitioner,

v.                               CIVIL ACTION NO. 5:07-cv-00539

T. R. CRAIG, Warden,

           Respondent.

### MEMORANDUM OPINION AND JUDGMENT ORDER

Pending before the Court is Petitioner's § 2241 Petition for a Writ of Habeas Corpus [Docket 1]. By Standing Order entered August 1, 2006, and filed in this case on August 31, 2007, this action was referred to Magistrate Judge Mary E. Stanley for submission of a Proposed Finding of Fact and Recommendation ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted her PF&R [Docket 3] on September 7, 2007, recommending that this Court dismiss the petition without prejudice for failure to exhaust his administrative remedies.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this case, pursuant to 28 U.S.C. § 636(b)(1)(B), and Rule 6(e) and 72(b) of the Federal Rules of Civil Procedure, objections to the PF&R were due by September 24, 2007. Petitioner filed his objections [Docket 4] on September 27, 2007. The Court will address Petitioner's objections despite the late filing.

Petitioner's objections were prepared and signed by Michael Kokoski, a lay prisoner and frequent pro se litigator in this Court. Further, they were not signed by Petitioner. The Supreme Court has affirmed prisoners' rights to seek legal guidance and assistance from other inmates. *See Johnson v. Avery*, 393 U.S. 483 (1969); *Wolff v. McDonnell*, 418 U.S. 539 (1974). These cases, however, do not stand for the proposition that prisoners may be represented by non-party laypersons. In fact, representation in federal courts is limited by statute to parties proceeding pro se or by counsel. 28 U.S.C. § 1654. Moreover, circuits which have addressed the issue have expressly held that prisoners have no right to such lay representation. *See, e.g.*, *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41 (1st Cir. 1982); *United States v. Taylor*, 569 F.2d 448 (7th Cir. 1978). Because Petitioner has no right to be represented by Mr. Kokoski, the Court will not consider the objections.

Based on the foregoing, Petitioner's Motion for Protective Order and Written Objections to the Proposed Findings and Recommendation [Docket 4] is hereby **STRICKEN**. The Court **ADOPTS** Magistrate Judge Stanley's PF&R [Docket 3] in its entirety, **FINDS** that Petitioner has failed to exhaust his administrative remedies, **DISMISSES** the case without prejudice and **DIRECTS** the Clerk to remove the case from the Court's active docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     November 29, 2007

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE